UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 09-cr-524 (JSR) |
| CHIGBO PETER UMEH, | |
| Defendant. | ORDER |

JED S. RAKOFF, U.S.D.J.

On April 28, 2011, defendant Chigbo Peter Umeh was convicted after a trial of conspiring to distribute five kilograms or more of cocaine knowing that such substances would unlawfully be imported in the United States. On July 28, 2011, the Court sentenced Umeh to 360 months' imprisonment. Umeh's projected release date is January 16, 2036. Umeh, who is currently housed at Allenwood Low FCI, now moves for compassionate release pursuant to 18 U.S.C. § 3582 in a letter to be docketed with this order.

Prior to the enactment of the FIRST STEP Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prison ("BOP") could file a motion for compassionate release to the courts. The FIRST STEP Act amended this provision to permit an inmate to file a motion for compassionate release following the exhaustion of his or her administrative remedies with the Bureau of Prisons ("BOP") or 30 days after submitting a request to the

1

appropriate Warden. See 18 U.S.C. § 3582(c)(1)(A). Umeh claims to have submitted such a request to the Warden of his facility, although it is not clear from the record whether this is the case or whether the Warden responded to such a request. In any event, because the exhaustion requirement is waivable in these circumstances, see United States v. Haney, No. 19-cr-541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020), the Court proceeds to the merits of Umeh's motion.

Upon receipt of a properly filed § 3582(c)(1)(A) motion a court may reduce the petitioner's sentence if, after consideration of the 18 U.S.C. § 3553(a) factors, it finds that "extraordinary and compelling reasons" warrant such a reduction. Umeh has not demonstrated the existence of such extraordinary and compelling reasons here. Umeh argues in general terms that the COVID-19 pandemic constitutes such an extraordinary circumstance. Umeh, however, who is 52 years old and was in good health at the time of his sentencing in 2011, points to no evidence that he is at heightened risk for developing serious illness from COVID-19. Although Umeh claims that the very fact of his imprisonment places him at heightened risk for COVID-19, the lack of any documented COVID-19 cases among inmates at any of the Allenwood facilities undermines this contention.[1]

---

[1] See https://www.bop.gov/coronavirus/.

In sum, the defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" warranting his release. Accordingly, the motion for compassionate release is denied.

SO ORDERED.

Dated:   New York, NY

June 23, 2020

_____
United States District Judge