UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHIGBO PETER UMEH,<br><br>   Defendant. | 09-cr-524 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.

On April 28, 2011, defendant Chigbo Peter Umeh was convicted after a trial of conspiring to distribute five kilograms or more of cocaine knowing that such substances would unlawfully be imported in the United States. On July 28, 2011, the Court sentenced Umeh to 360 months' imprisonment. Umeh's projected release date is January 16, 2036. On June 23, 2020 Umeh, who is currently housed at Allenwood Low FCI, moved for compassionate release pursuant to 18 U.S.C. § 3582. Citing Umeh's good health at the time of sentencing, a lack of evidence that Umeh suffered any heightened risk from COVID-19, and the lack of documented cases of infection among inmates at any of the Allenwood facilities, the Court denied Umeh's motion. See ECF No. 168.

On July 1, 2020, the Court received a letter from Umeh seeking reconsideration of this denial, based on health conditions that he failed to disclose in his initial motion. The Court appointed

1

counsel, Patrick Joyce, Esq., to bring a formal motion for reconsideration. Although the Court is very grateful to defense counsel for his excellent submission, which clarifies that Umeh has in fact met the "extraordinary and compelling" circumstances prong of 18 U.S.C. § 3582, the Court ultimately denies the motion for reconsideration on the ground that the Section 3553(a) factors counsel against release.

Upon receipt of a properly filed § 3582(c)(1)(A) motion a court may reduce the petitioner's sentence if, after consideration of the 18 U.S.C. § 3553(a) factors, it finds that "extraordinary and compelling reasons" warrant such a reduction. Where, as here, defendant ask the Court to reconsider its prior denial of compassionate release, the Court may only do so if the defendant "can point to controlling decisions or data that the court overlooked" or if such reconsideration is necessary "to correct a clear error or prevent manifest injustice." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations and internal quotation marks omitted).

Umeh has successfully provided the Court with "new data" that supports reconsideration of the Court's prior finding that Umeh failed to satisfy the "extraordinary and compelling reasons" prong of § 3582(c). In his present motion, Umeh provides previously undisclosed evidence that he is obese, suffers from uncontrolled hypertension, and carries the sickle

2

cell trait. The Government does not dispute that at least obesity presents an "extraordinary and compelling reason[]" for release in light of the present COVID-19 pandemic because the Centers for Disease Control and Prevention recognizes obesity as a condition that places an individual at increased risk for severe illness from COVID-19.[1] Accordingly, and contrary to its prior finding that was made without the benefit of Umeh's full medical information, the Court finds that Umeh has now demonstrated the existence of extraordinary and compelling reasons that might in some circumstances warrant compassionate release.

Nonetheless, the Court, after careful reconsideration, adheres to its prior conclusion that compassionate release is not warranted in this case. This is because the § 3553(a) factors strongly counsel against a sentence reduction in Umeh's case.

The Court's original sentence of 360 months was necessary to reflect the seriousness of Umeh's offense, promote respect for the law, and provide just punishment. See 18 U.S.C. § 3553(a). Umeh's crime was very serious; Umeh was a leading participant in a conspiracy to bribe foreign government

---

[1] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

officials and traffic literally thousands of kilograms of cocaine around the world. See PSR ¶¶ 11-47. To release Umeh now, even to home confinement, would not reflect the seriousness of his offense and would in fact allow him to escape not only the 30 years' imprisonment imposed by the Court but even completion of the mandatory minimum of twenty years' imprisonment that he was subject to at sentencing. Further, Umeh's full sentence is necessary to afford specific deterrence. See 18 U.S.C. § 3553(a). Umeh committed the instant offense after having already served a 97-month sentence for a scheme to import heroin into the United States. Id. ¶¶ 64-72. Given that 97 months' imprisonment was not enough to deter Umeh before, the Court believes that substantially more than the 112 months' imprisonment Umeh has served thus far on the instant offense is necessary to afford adequate deterrence.

    Accordingly, upon reconsideration, Umeh's motion for compassionate release motion is once again denied.

    SO ORDERED.

Dated:   New York, NY

          August 10, 2020        JED S. RAKOFF, U.S.D.J.