x

Chigbo P. Umeh
Reg. No. 18516-050
FCI Allenwood Low
Federal Correctional Institution
P. O. Box 1000
White Deer, Pa. 17887-1000

Hon. Jed S. RAKOFF
UNITED STATES DISTRICT COURT
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

-and-

Mr. Damian WILLIAMS
United States Attorney
Southern District of New York
United States Attorney Office
One St. Andrew's Plaza
New York, New York 10007

March 14, 2023

BY CERTIFIED FIRST CLASS MAIL

Regarding: United States v. Umeh, Criminal case no. 1:09-cr-00524 (JSR)
REQUEST FOR APPROPRIATE LEGAL MECHANISM TO SEEK RELIEF

Dear Judge Rakoff,

Defendant Chigbo P. Umeh ("Umeh"), a Nigerian citizen, respectfully submits this letter correspondence to inquire from this Court on the appropriate mechanism to seek relief following the exchange of his co-defendant, Mr. Constantin Yaroshenko ("Yaroshenko"), a Russian citizen, in a prisoner exchange with Mr. Trevor Reed, a U.S. citizen, imprisoned in the Russian Federation, thereby granting freedom to Yaroshenko.

I.  BACKGROUND

Umeh was one of six defendants charged with participating in a narcotics importation conspiracy whose sole object was to import cocaine from Colombia and sell it in Europe and Africa. Interestingly no drugs were ever acquired, sold or imported. The indictment did not charge, and the government did not prove, that any of the alleged conspirators had any intention of importing it into, or otherwise targeting, the United States. Similarly, the indictment did not charge, and the government did not prove, that any of the alleged conspirators ever performed any acts, or ever intended to perform any acts, involving the United States. Instead, the government contended that jurisdiction could be predicated on the conspirators' knowledge that some of the cocaine would be sent to the United States by someone within the conspiracy. In fact, what the conspirators were alleged to have known was not actually true. Rather, a confidential informant merely pretended that he was going to send drugs to the United States in order to establish jurisdiction here.

II.  THE TRIAL

The government alleged that Umeh and his co-conspirators attempted to bribe high-level Liberian government officials to ensure safe passage of cocaine shipments to be transported from South America to Liberia. In return for providing security and infrastructure in Liberia, those officials would receive payment in cash and cocaine. According to the government, the conspirators intended to use Liberia as a trans-shipment point for other locations within West Africa and Europe.

The informant did not suggest to the conspirators that they also send cocaine to the United States. To the contrary, he told them that he knew it "sounded stupid" to send drugs from South America to Liberia to Ghana and from Ghana to the United States. See Trial Transcript at 720.

At trial, Umeh conceded that he was involved in the African drug trade. However, he contended that he had no interest in sending drugs to the United States. In fact, evidence at trial established that he warned the confidential informant against sending drugs to the United States, telling him that the consequences of selling drugs in the United States were far more sever than in other countries.

Umeh's aversion to importing drugs to the United States stemmed from his own history: he had served more than eight (8) years in an American prison for a previous narcotics conviction. From that experience, he learned that the punishment for drugs was more severe in the United States than any place else, and he determined not to have anything to do with the American drug trade.

Nor did any of the other conspirators including Yaroshenko, express any interest in importing drugs to the United States. This was not surprising since the evidence showed that the price of cocaine was a lot higher in Europe than it is in the United States Moreover, as the confidential informant himself acknowledged, it made no sense to transport drugs' in such a circuitous fashion from South America to Liberia only to turn around and send them back to North America.

The jury found Mr. Umeh and Yaroshenko guilty of conspiring to distribute five kilograms or more of cocaine, knowing that it would be imported into the United States (21 U.S.C. Section 959, 963). Mr. Umeh was sentenced to 30-year term of imprisonment and a 10-year term of supervised release. Yaroshenko was sentenced to similar term of imprisonment and term of supervised release.

III.   DIRECT APPEAL

On direct appeal, Umeh (enjoined by his alleged co-conspirator, Yaroshenko) argued, inter alia, that their right to due process was violated by the court's exercise of jurisdiction, since neither he nor his alleged co-conspirators conspired or intended to import cocaine into the United States. He argued further that the government had failed to prove that the knew cocaine would be unlawfully imported into the United States, an essential element of the charged offense, since it was not actually true.

In an unpublished opinion, the Court of Appeals for the Second Circuit affirmed Mr. Umeh's conviction. The Court rejected Umeh's jurisdictional argument, holding that "join[ing] a conspiracy knowing that the cocaine to be trafficked would reach the United States" established a sufficient nexus to the United States to meet due process demands. A10-11.

IV.   POST CONVICTION PETITION(S)

Umeh collaterally challenged his conviction and sentence pursuant to 28 U.S.C. Section 2255, however district court denied his petition. Both Umeh and his alleged co-conspirator, Yaroshenko, each separately filed for compassionate release, however district court denied their compassionate release petitions in August 2020 and September 2021 respectively.

V.   ERROR OF LAW

Umeh and Yaroshenko's indictment, conviction and sentence was the product of an error of law. The Second Circuit affirmed Umeh and Yaroshenko's conviction. The Court rejected Umeh's jurisdictional argument, holding that "join[ing] a conspiracy knowing that the cocaine to be trafficked would reach the United States' established a sufficient nexus to the United States to meet due process demands. A10-11.

However, the United States Court of Appeals for the Sixth Circuit precedent and unabrogated law (since 1984), states: Since a government agent cannot be a conspirator, United States v. Pennell, 737 F.2d 521, 538 (6th Cir. 1984), the only conspirators would be Umeh and Yaroshenko. The evidence taken in the light most favorable to the prosecution, shows that these men conspired to import cocaine from South America to Liberia and then to Europe, the evidence does not show that their agreement was to do so for the purpose of causing the drugs to be imported or distributed in United States. The evidence shows, at most, that Mr. Chigbo Umeh and Mr. Constantin Yaroshenko agreed to transaction that began in South America,

would be consummated, and end in Liberia or Europe because he could get more money for it, but Spyros Enotiades a/k/a Nabil Hage, the government informant, was not a conspirator. Moreover, he knew that the drugs would never be imported or distributed in the United States because he was facilitating the arrest that would end the conspiracy in Liberia.

At trial, the Court had the duty "to instruct the jury only as to the correct law applicable to the particular case." United States v. Krzyske, 836 F.2d 1013, 1021 (6th Cir. 1988). Neither party disputed that the correct answer to whether a government informant could join a conspiracy agreement sufficient to establish nexus to the United States is no. See United States v. Pennell, 737 F.2d 521, 536 (6th Cir. 1984) ("proof of an agreement between a defendant and a government agent or informer will not support a conspiracy conviction.") Because the jury instructions was not given, based on precedent law. It was appropriate to inform them of the law applicable to the case, however the Court failed to do so in this instance, hence, the jury capriciously convicted Umeh and Yaroshenko.

## VI. PRISONER EXCHANGE

In or around April 2022, the United States Government initiated discussion on prisoner exchange with the Russian Federation. Despite the fact that both Umeh, a Nigerian citizen, and Yaroshenko, a Russian citizen, had been tried and convicted for the same offense conduct, both had their appeals denied and district court rejected their compassionate release application. The United States Government through the U.S. Department of Justice and U.S. Department of State initiated and conducted prisoner exchange with the Russian Federation where Yaroshenko, a Russian citizen, was exchanged for Mr. Trevor Reed, a U.S. citizen, imprisoned in Russia.

Such exchange freed Yaroshenko without any consideration for Umeh, because the Government of the Federal Republic of Nigeria had no imprisoned U.S. citizen to exchange for Umeh. While both Umeh and Yaroshenko were tried, convicted and sentenced for the same offense conduct, only Umeh, a Nigerian citizen, remains imprisoned as of the date of this letter correspondence.

## VII. RELIEF SOUGHT

In light of the above, Umeh respectfully requests that this Court direct him to the appropriate mechanism for seeking relief given that his alleged co-conspirator and co-defendant has been freed through prisoner exchange and nothing contained within the Federal Rule of Criminal Procedure or at law stipulates how to seek redress or relief in such circumstance. Umeh requests to be treated equally as Yaroshenko whom is alleged to be his co-conspirator and co-defendant.

Dated: March 14, 2023
    White Deer, Pa. 17887-1000

Respectfully submitted

/s/ Chigbo P. Umeh
CHIGBO P. UMEH
FCI Allenwood Low
Federal Correctional Institution
P. O. Box 1000
White Deer, Pa. 17887-1000

Pro Se Defendant