```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
       -v-                          :     09-cr-524 (JSR)
                                    :
CHIGBO PETER UMEH,                  :     MEMORANDUM ORDER
                                    :
       Defendant.                   :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.:

Before the Court is Chigo Peter Umeh's latest motion for a sentence reduction under 18 U.S.C. § 3582. In 2011, following a jury trial, Umeh was convicted of one count of narcotics importation conspiracy, in violation of 21 U.S.C. § 963. See ECF No. 100. The Court sentenced Umeh to a term of imprisonment of 360 months, of which he has now served approximately half. See id. In 2020, Umeh filed an unsuccessful motion for a sentence reduction, as well as an unsuccessful motion for reconsideration of the Court's decision. See ECF Nos. 165, 166, 171, 174. With the aid of Court-appointed counsel, Umeh then filed his present motion (the "Motion") on June 24, 2024. See ECF No. 188. For the reasons set forth below, the Motion is denied.

Under Section 3582's now-familiar standard, the Court must "ask four questions" in resolving the Motion: "(1) has the defendant complied with the administrative exhaustion requirement, (2) has the defendant shown extraordinary and compelling reasons

warranting a sentence reduction, (3) are the 18 U.S.C. § 3553(a) sentencing factors consistent with a lesser sentence than that previously imposed, and (4) is there a particular sentence reduction consistent with the § 3553(a) factors that is also warranted by extraordinary and compelling reasons." Garavito-Garcia v. United States, 544 F. Supp. 3d 484, 488 (S.D.N.Y. 2021).

As to the first inquiry, at the time Umeh initially filed the Motion, he had not met the administrative-exhaustion requirement. See 18 U.S.C. § 3852(c)(1)(A)(i). Accordingly, on January 24, 2025, the Court entered an Order noting that Umeh had not exhausted his administrative rights and concluding that, as a result, the Motion was not properly pending before the Court. See ECF No. 192. Subsequently, however, on March 5, 2025, Umeh notified the Court that the warden of FCI Allenwood Low had, on February 14, 2025, denied Umeh's request for compassionate release. See ECF No. 193. Accordingly, Umeh has now satisfied Section 3582's administrative-exhaustion requirement, and his Motion is now properly before the Court.

As to the next inquiry, the gravamen of the Motion is that the combination of (1) the disparity between Umeh's sentence and that of his co-defendant Konstatin Yaroshenko and (2) Umeh's efforts at rehabilitation together constitute extraordinary and compelling circumstances justifying a sentence reduction. See ECF No. 189 at 2-5, 6-22. The Motion also advances a separate argument

2

that Umeh is eligible for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines, which altered the calculation of the Guidelines ranges for certain drug-related offenses. See id. at 4-5; ECF No. 191 at 4-5. But, as discussed below, the disparity on which Umeh primarily bases the Motion is not a legally valid basis for a sentence reduction, a sentence reduction may not be granted on the basis of rehabilitation alone, and the factors enumerated in 18 U.S.C. § 3553(a) all weigh against any sentence reduction for which Umeh might otherwise be eligible under Amendment 782.

The Motion primarily contends that Umeh warrants a sentence reduction because his co-defendant Yaroshenko was returned to his native Russia as a result of a diplomatic exchange involving Russia's release of a former United States Marine. See ECF No. 189 at 2-3. At the time of his release, Yaroshenko had served just over half his sentence of 240 months' imprisonment. See id. at 3. Umeh argues that "Yaroshenko's political utility to the United States and his value to Russia does not justify the resulting disparity between the custody he completed and the long haul ahead of Umeh." Id.

Umeh's argument has "no legal merit," as the Court has previously indicated, see ECF No. 184, because there is no authority for Umeh's proposition that a change in a co-defendant's sentence is an extraordinary and compelling circumstance

3

warranting a sentence reduction. First, considerations related to the exchange of prisoners between the United States and foreign states are properly the domain of the Executive Branch, not that of this Court, whose decisions may not be animated by questions of diplomacy or policy. See, e.g., United States v. Mason, No. 21 Cr. 499, 2025 WL 1404626, at *4 (S.D.N.Y. May 15, 2025) (holding that President's commutation of four co-defendants' sentences did not constitute extraordinary and compelling circumstance warranting sentence reduction). Second, nothing in the Sentencing Guidelines' Policy Statement authorizes the Court to base a sentence reduction on adjustments to co-defendants' sentences, whether or not such adjustments involved diplomatic or political considerations. See U.S.S.G. § 1B1.13; 18 U.S.C. § 3582(c)(1)(C) (requiring that sentence reductions must be consistent with Policy Statement). Extraordinary and compelling circumstances must arise out of facts that concern the defendant personally, such as his or her medical circumstances, age, family circumstances, or other circumstances that are "similar in gravity" to these. See U.S.S.G. § 1B1.13(b)(1)-(5). Courts have routinely held that clemency extended to co-defendants does not fall into any of these categories and thus cannot warrant a sentence reduction. See, e.g., Mason, 2025 WL 1404626, at *5 (collecting cases).

But even were the Court authorized to consider the disparity between Umeh's sentence and the sentence that was imposed on, and

actually served, by Yaroshenko, that disparity would still not warrant a sentence reduction. "Disparities between the sentences of coconspirators can exist for valid reasons," including the offenses of conviction and the culpability of each defendant in the underlying conduct. See, e.g., United States v. Fernandez, 104 F.4th 420, 428 (2d Cir. 2024); United States v. Ebbers, 458 F.3d 110, 129 (2d Cir. 2006).[1] Here, regardless of the clemency that was ultimately granted to Yaroshenko, the Court initially imposed different sentences on Umeh and Yaroshenko for reasons that are readily apparent from the facts of the case. Whereas Yaroshenko acted as a "pilot" who transported cocaine at Umeh's request, ECF No. 32 at 5, Umeh "wasn't just someone along for the ride, he was the prime mover" in the conspiracy. See Sentencing Transcript, United States v. Umeh, No. 09 Cr. 524 (S.D.N.Y. July 28, 2011) ("Sent. Tr.") at 20. The substantial difference in the gravity of Umeh's and Yaroshenko's conduct justifies the longer sentence that the Court imposed on Umeh and is neither an extraordinary nor a compelling reason to reduce Umeh's sentence.

Umeh also argues for a sentence reduction on account of his rehabilitation. See ECF No. 189 at 6-22. But given the Court's conclusion that Umeh has put forward no other extraordinary and compelling reasons for a sentence reduction, this argument

---

[1] Unless otherwise indicated, quotations from cases omit all internal quotation marks, alterations, footnotes, and citations.

necessarily fails because "the only statutory limit on what a court may consider to be extraordinary and compelling is that 'rehabilitation alone shall not be considered an extraordinary and compelling reason.'" United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 18 U.S.C. § 994(t)); see also, e.g., United States v. Halliburton, No. 20 Cr. 499, 2024 WL 3014179, at *1 (S.D.N.Y. June 13, 2024). The Court is of course pleased to learn that Umeh has participated in rehabilitative programs in prison, is viewed as a leader by his peers, and maintains strong relationships with his family and community. See ECF No. 189 at 6-22. But absent other permissible reasons for the Court to consider granting a sentence reduction, Umeh's commendable efforts to rehabilitate himself are legally insufficient.

Separately, Umeh contends that he is eligible for a sentence reduction in light of Amendment 782 to the Sentencing Guidelines. That amendment, which the Sentencing Commission made retroactive in 2014, provides for a two-level offense level reduction for certain drug-related offenses, including Umeh's. See U.S.S.G. § 1B1.10; id. amend. 782. This Court may modify a sentence based on a retroactive amendment to the Guidelines where a two-step inquiry is satisfied. See Dillon v. United States, 560 U.S. 817, 826 (2010). First, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10"; if it is, then the Court "may consider whether the authorized reduction is warranted,

6

either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." Id.

Umeh's Motion fails at the second step. A sentence reduction pursuant to Amendment 782 would be consistent with Section 1B1.10, which cites Amendment 782 and directs the Court to "determine the amended guideline range that would have been applicable to the defendant if" Amendment 782 "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1), (d). But the Court cannot conclude that the factors set forth in Section 3553(a) warrant reducing Umeh's sentence at this time. As the Court observed at sentencing, Umeh led "a crime in terms of quantity of mammoth proportions." Sent. Tr. at 20. This was not Umeh's first offense: he had previously been convicted of four federal narcotics charges and been deported from the United States in approximately 2001, so he "knew well the consequences" of the criminal activity that resulted in his current incarceration. Id.; see ECF No. 190 at 5-6. Accordingly, at sentencing the Court described Umeh's actions as "consistent with the notion of a long-term professional drug dealer who intended to make a lot of money throughout the world." Sent. Tr. at 20. Umeh's sentence continues to reflect the seriousness of his offense, as well as the need to adequately deter

7

criminal conduct and to protect the public against Umeh's further crimes. See 18 U.S.C. § 3553(a)(2)(A)-(C).[2]

For all the foregoing reasons, the Court DENIES Umeh's motion for a sentence reduction. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 188.

SO ORDERED.

Dated:   New York, N.Y.
         June 10, 2025              JED S. RAKOFF, U.S.D.J.

---

[2] Moreover, even were the Section 3553(a) factors to weigh in Umeh's favor, applying Amendment 782 would result in a reduction of Umeh's Guidelines range to 324 to 405 months' imprisonment -- a range within which Umeh's sentence of 360 months' imprisonment comfortably falls. See ECF No. 190 at 5 n.4.